**TRUCKMEN'S & WAREHOUSEMEN'S ASSOCIATION OF ROCHESTER; Boulter Carting Co., Inc.; George M. Clancy Carting Co., Inc.; Vogel Van and Storage of Rochester, Inc.; Service Storage Incorporated; B.G. Costich & Sons, Inc.; East End Moving and Storage, Inc.; Gottry Corporation; Roch-**

**718**

ester Storage Warehouses, Inc.; and Michael Clancy, Individually and as a participant in, and beneficiary of, the New York State Teamsters Conference Pension and Retirement Fund, Plaintiffs,

v.

The NEW YORK STATE CONFERENCE PENSION AND RETIREMENT FUND; Irving Wisch, Kepler Vincent, T. Edward Nolan, Rocco F. De Perno, Victor Mousseau, Paul E. Bush, and Jack Canzoneri, as Trustees of the New York State Teamsters Conference Pension and Retirement Fund; and Al Sgaglione, Executive Administrator of the New York State Conference Pension and Retirement Fund, Defendants.

John W. MORSE, Individually and as a participant in, and a beneficiary of, the New York State Teamsters Conference Pension and Retirement Fund, Plaintiff,

v.

The NEW YORK STATE TEAMSTER CONFERENCE PENSION AND RETIREMENT FUND; T. Edward Nolan, Rocco F. De Perno, Curtis Gunderson, Paul E. Bush, and Richard Muller, as Trustees of the New York Teamsters Conference Pension and Retirement Fund; and Al Sgaglione, Executive Administrator of the New York State Teamsters Conference Pension and Retirement Fund, Defendants.

Nos. CIV–81–1110C, CIV–85–1080C.

United States District Court,
W.D. New York.

May 23, 1991.

Harris, Beach, Wilcox, Rubin & Levey (Douglas A. Foss, of Counsel), Rochester, N.Y., Woods, Oviatt, Gilman & Sturman (Donald W. O'Brien, Jr., of Counsel), Rochester, N.Y., for plaintiffs.

Peter P. Paravati, Bridgewater, N.Y., for defendants.

CURTIN, District Judge.

Plaintiffs have moved this court to reconsider elements of its decision of November 30, 1990. In that decision, this court sustained most of the challenged provisions in the New York State Conference Pension and Retirement Fund's ("Fund") 1979 stipulation form. *Truckmen's & Warehousemen's Ass'n of Rochester v. New York State Teamster's Conference Pension & Retirement Fund,* 751 F.Supp. 351 (W.D. N.Y.1990). Three provisions, however, were struck down as arbitrary and capri-

cious. *Id.* at 360–61. Plaintiffs argue that three issues remain before this decision can be reduced to judgment. Specifically, plaintiffs argue that:

(1) Paragraph 2 of the 1979 stipulation is arbitrary and capricious to the extent it entitles the Fund to hold employers liable for *pension benefits* as opposed to *pension contributions* during a period of employer delinquency in paying the required contributions;

(2) the Fund stipulated, and/or is required, to accept contributions to fund pension credits accruing during a dispute over a deficiency or delinquency in the payment of a pension contribution; and

(3) the court should declare the rights of the parties and order affirmative relief.

The court will address each argument in turn.

## DISCUSSION

### I. INTERPRETATION OF PARAGRAPH 2

■ Plaintiffs argue that this court's November 30, 1990, decision is inconsistent in its interpretation of paragraph 2. *See Truckmen's,* 751 F.Supp. at 358–59, 361. Paragraph 2 provides, in relevant part, that:

Failure on the part of the employer to contribute on any of his employees as specified herein, *shall make the employer liable for all employee benefit claims which are incurred during the period of delinquency,* damages, reimbursement to the Fund for the Fund's attorneys' fees, auditors' fees, court costs, disbursements and expenses incurred by the Fund in recovering the above.

*Id.* at 358 (emphasis added). The court held that this paragraph was not arbitrary and capricious because it established "an entirely permissible set of rules designed to force delinquent employers to make the contributions required of them under the applicable collective bargaining agreement." *Id.* at 359.

Plaintiffs argue that this holding is inconsistent with language of the decision under which the court struck down paragraph 8 as arbitrary and capricious. Again, the language of the decision is as follows:

Paragraph 8, on the other hand, is impermissible. It provides:

The employer agrees that should he not make contributions on 100% of all his Bargaining Unit employees as required herein, the Pension and Retirement Fund *will not pay nor be liable or obligated to pay any Pension and Retirement or other benefits to all his employees involved,* whether or not contributions were made on such individuals, in which event the employer shall pay to any or all such employees any and all Pension and Retirement or other benefits....

Item 77, Ex. 3 (emphasis added). As discussed above, defendants have conceded their liability to employees for whom an employer is obligated to contribute, even if the employer fails to make these contributions.... Moreover, the Trustees have no authority under the trust indenture to hold employers liable to *employees* for unpaid pension contributions. The Trustees may only hold employers liable to the *Fund* for these contributions.

*Truckmen's,* 751 F.Supp. at 361.

The word plaintiffs latch onto in this long excerpt is the last one: "contributions." Plaintiffs argue that on the one hand the court has held, by upholding paragraph 2, that the Fund may "make the employer liable for all employee *benefit* claims which are incurred during the period of delinquency," *id.* at 358 (emphasis added); but on the other hand, by striking down paragraph 8, the court held the Fund may only hold employers liable for pension *contributions.*

The court understands the reason for the confusion and will endeavor to clarify its prior decision. Paragraph 8 was struck down because it directly contradicted the Internal Revenue Service's ("IRS") position that the Fund was required to credit and pay an employee's pension benefits to the

degree an employer was obligated to make contributions on that person, even if the employer did not pay those contributions. The Fund has repeatedly acknowledged this obligation. *See, e.g.*, Truckmen's Item 88 (hereinafter Tr. Item __). Paragraph 8 was also struck down because, by purporting to make employers liable to their *employees* for pension benefits in the event of an employer's delinquency in making contributions to the Fund, it contradicted the trust instrument. The Fund can make the employer liable to *the Fund*, not a third party. The confusion arose because the court used the phrase "pension contributions" here, *Truckmen's*, 751 F.Supp. at 361, rather than pension *benefits*, and that usage was imprecise. The question whether employers could be held liable for pension benefits, or only pension contributions, had no bearing on this holding, however. The holding striking down paragraph 8 focused on who could be made liable to whom—employers can be held liable to the Fund, *only*—not on the amount or type of liability between those parties.

Paragraph 2, on the other hand, provides that "[f]ailure on the part of the employer to contribute on any of his employees as specified herein, shall make the employer liable for all employee *benefit* claims which are incurred during the period of delinquency...." *Id.* at 358 (emphasis added). The court upheld this clause based on the following reasoning:

> Plaintiffs object that paragraph 2 renders employers liable for pension benefits during periods of delinquency. Under the trust indenture, " 'receipt given by the Trustees for any monies or other properties received by them shall effectively discharge the person or persons paying or transferring the same....' " Item 42, Ex. 16, ¶ 12(b). This paragraph relieves employers of liability for pension benefits to the extent they have properly paid therefor under the collective bargaining agreement. Moreover, the Fund has admitted it is liable to pay employees pension benefits for which an employer was obligated to pay under the collective bargaining agreement, even if that employer did not pay the Fund. *See supra.*

> But neither of these rules relieve employers of liability for these same pension benefits if they have failed to make their required payments to the Fund. A rule holding the employer liable to the Fund for such benefit claims is certainly not arbitrary and capricious.

*Id.* at 359.

Plaintiffs argue by example that strict application of this rule could lead to harsh results where a Fund audit revealed an inadvertent shortfall in an employer's required contributions to the Fund. *See* Tr. Item 80, at 5. According to plaintiffs, they could be liable for thousands of dollars in employee benefit claims based on a negligible shortfall in their required contributions. *Id.*

The court finds that the hypothetical controversy suggested by plaintiffs is not properly before this court. The court has held that paragraph 2 is not arbitrary and capricious. The court has also held that "employers [are relieved] of liability for pension benefits to the extent they have properly paid therefor under the collective bargaining agreement." *Truckmen's*, 751 F.Supp. at 359. The court sees no reason to change these holdings at this time. The exact scope of the sanctions contemplated in paragraph 2 must await a case involving their specific application.

## II. OBLIGATION TO ACCEPT CONTRIBUTIONS

█ Plaintiffs contend that defendants stipulated that they would accept employer contributions tendered to the Fund "in the event that there is a dispute over a deficiency or delinquency in the payment of a pension contribution." Plaintiffs' Proposed Order, at 6. Plaintiffs further contend that federal law prevents the Fund from turning back contributions to an employer. *See* Item 86. The court finds neither argument to be meritorious.

As for whether the Fund stipulated to accepting employer contributions, the court notes that at the end of the stipulations put on the record during the Sgaglione deposition, plaintiffs' counsel himself stated:

It's understood by the parties that the stipulations that we are entered into here today will be reduced to writing. A stipulation will be signed, and the parties agree that it will and can be transformed into an order of the court for the purposes of resolving these issues in the litigation.

Tr. Item 74, at 13. No such stipulation has ever been forwarded to this court.

Plaintiffs' second argument—that federal law requires the Fund to accept employer contributions—is also unsupported. The IRS provisions cited by plaintiffs, see Tr. Item 86, have no relationship to this issue. As this court held in its prior decision, "[c]ompliance with Fund rules simply must be allowed to control participation in the Fund." *Truckmen's*, 751 F.Supp. at 359.

## III.  AFFIRMATIVE RELIEF

Finally, plaintiffs seek affirmative relief in accordance with their requested modifications of this court's prior decision. The court finds that, for the most part, such affirmative relief is unnecessary.

## IV.  JUDGMENT

It is hereby adjudged and declared, in accordance with this court's decision of November 30, 1990, as clarified herein, that:

### A.  *Standing*

Plaintiffs Morse and Clancy have standing to proceed.

### B.  *The 1979 Stipulation*
#### 1.  Paragraph 1(b)

The Fund's rule requiring contributions to be made on non-union and casual employees is not arbitrary and capricious.

Further, as a general matter the Trustees may prescribe rules in conflict with such agreements and not exceed their authority.

#### 2.  Paragraph 1(a)

The Trustees may make any rule that is not arbitrary and capricious. The stipulation's requirement binding employers to compliance with such rules is not itself arbitrary and capricious.

#### 3.  Paragraph 2

The provisions of paragraph 2 are not arbitrary and capricious. They clearly delineate a delinquent employer's obligations to the Fund.

#### 4.  Strike Clause, Paragraphs 2 and 3

The Strike Clauses of paragraphs 2 and 3 are impermissibly arbitrary and capricious.

#### 5.  Paragraph 4

Paragraph 4, which permits the Fund to audit an employer's payroll records, is not arbitrary and capricious.

#### 6.  Paragraphs 5 and 8

Paragraph 5's provisions are not arbitrary and capricious. Defendants admit that paragraph 8, on the other hand, exceeds its authority.

#### 7.  Paragraph 10

No controversy appears to remain over paragraph 10.

#### 8.  Paragraph 11

Paragraph 11, to the extent it requires employers to collect from employees contributions due for periods of absence, is arbitrary and capricious.

#### 9.  Paragraph 14

Paragraph 14, because it may be modified by collective bargaining agreement, is not arbitrary and capricious.

The preliminary injunction issued in the *Truckmen's* case on April 9, 1982, Tr. Item 16, and amended on June 23, 1982, Tr. Item 19, is hereby lifted. The temporary restraining order issued in the *Morse* case on August 30, 1985, Morse Item 4, and extended on September 30, 1985, is also lifted. Morse Item 6.

The Fund is directed to modify its participation agreements in accordance with this decision and order at the earliest practicable time.

So ordered.